**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____   Chapter __11__

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy       4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Egalet Corporation** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **46-3575334** |

| | | |
|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |

**600 Lee Road**
**Suite 100**
**Wayne, PA 19087**
Number, Street, City, State & ZIP Code

P.O. Box, Number, Street, City, State & ZIP Code

**Delaware**
County

**Location of principal assets, if different from principal place of business**

Number, Street, City, State & ZIP Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.egalet.com** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

Debtor    **Egalet Corporation**
Name

Case number (*if known*) _____

**7.** **Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__3254__

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No.

☐ Yes.

| | | | | | |
|---|---|---|---|---|---|
| District _____ | When _____ | Case number _____ |
| District _____ | When _____ | Case number _____ |

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

☒ Yes.

| | | | |
|---|---|---|---|
| Debtor    See attached Annex A | | Relationship    Affiliate |
| District    Delaware | When    10/30/2018 | Case number, if known |

---

| Debtor | **Egalet Corporation** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in this district?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.

Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.

Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds** .

Check one:

☒ Funds will be available for distribution to unsecured creditors.*

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☒ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☒ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

---

\* Distribution cannot be known at this time.
\*\* Items 14, 15, and 16 herein are provided on a consolidated basis.

| Debtor | **Egalet Corporation** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. Declaration and signature of authorized representative of debtor | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|
| | I have been authorized to file this petition on behalf of the debtor. |
| | I have examined the information in this petition and have a reasonable belief that the information is trued and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct. |

Executed on    10/30/2018
                 MM / DD / YYYY

**X** */s/ Robert Radie*                     **Robert Radie**
Signature of authorized representative of debtor      Printed name

Title    **President and Chief Executive Officer**

| 18. Signature of attorney | **X** */s/ Robert S. Brady*          Date  10/30/2018 |
|---|---|
| | Signature of attorney for debtor          MM / DD / YYYY |

          **Robert S. Brady**
          Printed name

          **Young Conaway Stargatt & Taylor, LLP**
          Firm name

          **Rodney Square**
          **1000 N. King Street**
          **Wilmington, DE 19801**
          Number, Street, City, State & ZIP Code

          Contact phone   **(302) 571-6600**      Email address   rbrady@ycst.com

          **2847 DE**
          Bar number and State

Official Form 201A (12/15)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EGALET CORPORATION, et al., | ) | Case No. 18 - _____ (    ) |
|  | ) |  |
|  | ) | Joint Administration Requested |
| Debtors. | ) |  |
|  | ) |  |

### Attachment to Voluntary Petition for Non-Individuals Filing for
### Bankruptcy under Chapter 11

1.  If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is_____001-36295___.

2.  The following financial data is the latest available information and refers to the debtor's condition per the 10-Q, dated August 9, 2018.

a.  Total assets (on a consolidated basis)                                    $ 99,980,000_____

b.  Total debts (on a consolidated basis, including debts listed in 2.c., below)    $ 143,338,000_____

c.  Debt securities held by more than 500 holders

Approximate number of holders:

| | | | | | | Approximate number of holders: |
|---|---|---|---|---|---|---|
| secured | ❑ | unsecured ❑ | subordinated ❑ | $ | _____ | N/A |
| secured | ❑ | unsecured ❑ | subordinated ❑ | $ | _____ | N/A |
| secured | ❑ | unsecured ❑ | subordinated ❑ | $ | _____ | N/A |
| secured | ❑ | unsecured ❑ | subordinated ❑ | $ | _____ | N/A |
| secured | ❑ | unsecured ❑ | subordinated ❑ | $ | _____ | N/A |

d.  Number of shares of preferred stock                          5,000,000 (issued)

e.  Number of shares common stock                               275,000,000 (issued)

Comments, if any:  56,772,101 common shares outstanding; 0 preferred shares outstanding.

3.  Brief description of debtor's business:  Pharmaceutical company that develops, manufactures and commercializes innovative treatments for pain and other conditions.

Debtor    **Egalet Corporation**
    Name

Case number (*if known*)

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

See corporate ownership statement below

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EGALET CORPORATION, <u>et al.</u>, | ) | Case No. 18 - _____ (     ) |
| | ) | |
| | ) | Joint Administration Requested |
| Debtors. | ) | |
| | ) | |

<u>**Annex A**</u>

<u>**AFFILIATED ENTITIES**</u>

On the date hereof, each of the affiliated entities listed below (including the Debtor in this chapter 11 case) filed petitions for relief under chapter 11 of title 11 of the United States Code in this Court.  Contemporaneously with the filing of these petitions, these entities filed a motion requesting the Court jointly administer their chapter 11 cases.

Egalet US Inc.

Egalet Limited

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EGALET CORPORATION, <u>et al.</u>, | ) | Case No. 18 - _____ (   ) |
| | ) | |
| | ) | Joint Administration Requested |
| Debtors. | ) | |
| | ) | |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

In accordance with Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Egalet Corporation (the "**Debtor**") states as follows:

| Entity | Ownership | Responsible Party | Address |
|---|---|---|---|
| Highbridge Capital Management, LLC | 5% or more | | 40 West 57th Street, 32nd Floor, New York, New York 10019 |
| Broadfin Capital, LLC | 5% or more | Kevin Kotler | 300 Park Avenue, 25th Floor, New York, New York 10022 |
| Deerfield Management Company, L.P. | 5% or more | James E. Flynn | 780 Third Avenue, 37th Floor, New York, New York 10017 |
| Franklin Advisers, Inc. | 5% or more | Charles B. Johnson Rupert H. Johnson, Jr. | One Franklin Parkway, Building 920, San Mateo, California 94403 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| EGALET CORPORATION, <u>et al.</u>, | ) | Case No. 18 - _____ (    ) |
| | ) | |
| | ) | Joint Administration Requested |
| Debtors. | ) | |
| | ) | |

## <u>DECLARATION CONCERNING CORPORATE OWNERSHIP STATEMENT</u>

I, the undersigned officer of Egalet Corporation, the company named as the debtor in the above-captioned case, declare under penalty of perjury that I have reviewed the foregoing Corporate Ownership Statement and that the information contained therein is true and correct to the best of my knowledge, information, and belief.

Dated:   October 30, 2018

/s/ *Robert Radie*_____

Name: Robert Radie
Title: President and Chief Executive Officer

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| EGALET CORPORATION, et al., | ) | Case No. 18 - _____ (    ) |
| | ) | |
| | ) | Joint Administration Requested |
| Debtors. | ) | |
| | ) | |

**LIST OF DEBTOR'S EQUITY SECURITY HOLDERS
IN ACCORDANCE WITH BANKRUPTCY RULE 1007**

Below is a list of registered equity holders as of October 25, 2018:

| Name and Address of Registered Equity Holder* | Class/Series of Shares | Total Amount of Shares in Class/Series | Amount of Shares | % Ownership of Shares in Class/Series |
|---|---|---|---|---|
| CEDE & CO<br>55 WATER STREET<br>NEW YORK, NY 10041 | Common | 56,772,101 | 52044971 | 91.67349% |
| SUNSTONE LIFE SCIENCE VENTURES FUND II K/S<br>LAUTRUPSGADE 7, 5<br>COPENHAGEN O<br>DK-2100 DA | Common | 56,772,101 | 1956640 | 3.44648% |
| SHIONOGI LIMITED<br>33 KINGSWAY<br>LONDON<br>WC2B 6UF UK | Common | 56,772,101 | 1250000 | 2.20179% |
| ROBERT S. RADIE | Common | 56,772,101 | 500000 | 0.88071% |
| STANLEY J. MUSIAL | Common | 56,772,101 | 225000 | 0.39632% |
| MARK STROBECK | Common | 56,772,101 | 225000 | 0.39632% |
| PATRICK M. SHEA | Common | 56,772,101 | 170490 | 0.30030% |
| MEGAN TIMMINS | Common | 56,772,101 | 125000 | 0.22018% |

3

| Name and Address of Registered Equity Holder* | Class/Series of Shares | Total Amount of Shares in Class/Series | Amount of Shares | % Ownership of Shares in Class/Series |
|---|---|---|---|---|
| | | | | |
| E. BLAIR CLARK-SCHOEB | Common | 56,772,101 | 100000 | 0.17614% |
| BARBARA A. CARLIN | Common | 56,772,101 | 100000 | 0.17614% |
| KARSTEN LINDHARDT | Common | 56,772,101 | 75000 | 0.13211% |

*Addresses of individual equity holders are available by request.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| EGALET CORPORATION, <u>et al.</u>, | ) | Case No. 18 - _____ (    ) |
| | ) | |
| | ) | Joint Administration Requested |
| Debtors. | ) | |
| | ) | |

**DECLARATION CONCERNING LIST OF DEBTOR'S EQUITY SECURITY**
**<u>HOLDERS IN ACCORDANCE WITH BANKRUPTCY RULE 1007</u>**

   I, the undersigned officer of Egalet Corporation, the company named as the debtor

in the above-captioned case, declare under penalty of perjury that I have reviewed the foregoing

List of Debtor's Equity Security Holders and that it is true and correct to the best of my

knowledge, information, and belief.

Dated:   October 30, 2018      <u>/s/ Robert Radie</u>
           Name: Robert Radie
           Title: President and Chief Executive Officer

**EGALET CORPORATION**
**OFFICER'S CERTIFICATE**

**October 30, 2018**

The undersigned, Robert S. Radie, Chief Executive Officer and President of Egalet Corporation, a Delaware corporation (the "Company"), does hereby certify, as of the date hereof, solely on behalf of the Company in his capacity as Chief Executive Officer and President and not in an individual capacity, that (i) attached hereto as **Exhibit A** are true, complete and correct copies of resolutions duly adopted by the Board of Directors of the Company and (ii) such resolutions have not been modified, rescinded or amended and are in full force and effect.

*[Signature Page Follows]*

IN WITNESS WHEREOF, I have signed my name hereunto on the date first written above.

**EGALET CORPORATION**

By: _____

Robert S. Radie
Chief Executive Officer

*[Signature Page to the Officer's Certificate]*

<u>Exhibit A</u>

[See attached.]

**RESOLUTIONS**
**OF THE BOARD OF DIRECTORS**
**OF EGALET CORPORATION**
**ADOPTED AT A MEETING ON**

**October 27, 2018**

## ELECTION OF MARK STROBECK AS A DIRECTOR OF EGALET CORPORATION'S SUBSIDIARIES

**WHEREAS**, Stanley J. Musial has tendered his resignation as Chief Financial Officer of Egalet Corporation (the "**Corporation**") and as a director of Egalet US Inc. and Egalet Ltd.

**WHEREAS**, the board of directors (the "**Board**") of the Corporation deems it advisable and in the best interest of the Corporation for its subsidiaries to appoint Mark Strobeck to replace Mr. Musial as a director of Egalet US Inc. and Egalet Ltd.

**NOW THEREFORE, BE IT:**

**RESOLVED**, that Mark Strobeck be, and he hereby is, elected to serve as a director of Egalet US Inc. and Egalet Ltd. until his successor is duly elected and qualified or until his earlier death, resignation or removal from office.

## RESTRUCTURING, BANKRUPTCY AND ASSET PURCHASE AGREEMENT

**WHEREAS**, in light of the current business outlook of the Corporation, the Board of the Corporation desires that the Corporation enter into a restructuring support agreement and, subject to approval of the Bankruptcy Court for the District of Delaware (the "**Court**"), enter into certain definitive documentation in connection with its filing of a voluntary petition in the Court seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

**WHEREAS**, in connection with and as a part of the Plan (as defined below), it is proposed that the Corporation enter into the Asset Purchase Agreement (the "**Asset Purchase Agreement**"), by and among the Corporation, its wholly owned subsidiary Egalet US Inc., a Delaware corporation ("**Egalet US**"), and Iroko Pharmaceuticals, Inc. ("**Iroko**"), substantially in the form attached hereto as Exhibit A, to acquire certain assets and assume certain liabilities related to the Iroko's commercialized pharmaceutical products (the "**Acquisition**"); and

**WHEREAS**, in connection with and as a part of the Plan, it is proposed that, as part of the consideration for the acquired assets, the Corporation issue at the closing of the transactions contemplated by the Asset Purchase Agreement: (i) shares of common stock, par value $0.001, of the Corporation to Iroko or its Permitted Designees (as defined in the Asset Purchase Agreement) equivalent to 49% of the outstanding capital stock of the Corporation on a fully-diluted basis (subject to shares that may be issued under a new management incentive plan) (the "**Equity Issuance**") and (ii) the 13% Senior Secured Notes of the Corporation to be governed by, and issued pursuant to, a New Senior Secured Notes Indenture (as defined in the Asset Purchase Agreement) in aggregate principal amount of $45,000,000 (the "**Notes Issuance**");

**WHEREAS**, CRG (as defined in the Purchase Agreement) has agreed to provide an indemnity with respect to certain of Iroko's indemnification obligations for Excluded Liabilities (as defined in the Asset Purchase Agreement) (the "**Indemnity Agreement**"); and

**WHEREAS,** Piper Jaffray & Co., financial advisor to the Board, has provided certain information to the Board with respect to the potential transactions being contemplated.

## *RESTRUCTURING SUPPORT AGREEMENT*

**NOW, THEREFORE, BE IT:**

**RESOLVED,** that in the business judgment of the Board, it is desirable and in the best interests of the Corporation, its creditors, and other parties in interest that the Corporation (i) enter into that certain restructuring support agreement (the "**Support Agreement**") by and among the Corporation, certain of its subsidiaries and the consenting lenders party thereto, substantially in the form presented at the meeting, with such changes to the Support Agreement as may be approved by the Board and (ii) subject to approval of the Court, enter into the definitive documentation contemplated under the Support Agreement and the exhibits thereto, including, without limitation, the New Secured Notes Documents, the New Royalty Rights Agreements, the definitive documentation with respect to the Rights Offering (each as defined in the Support Agreement) and such other documentation relating to the issuance or conversion of securities of the Corporation as contemplated therein (the "**Definitive Documentation**"); and

**RESOLVED,** that the officers of the Corporation and each of them singly, acting for and on behalf of the Corporation (collectively, the "**Authorized Officers**") be, and hereby are, authorized to (i) execute the Support Agreement on behalf of the Corporation and, (ii) subject to Court approval, execute the Definitive Documentation on behalf of the Corporation.

## *CHAPTER 11 BANKRUPTCY*

**RESOLVED,** that based on, among other things, the information delivered to the Board in advance of this Board meeting by Piper Jaffray & Co. and its other advisers, in the business judgment of the Board, it is desirable and in the best interests of the Corporation, its creditors, and other parties in interest that the Corporation file or cause to be filed a voluntary petition in the Court seeking relief under the provisions of the Bankruptcy Code, in which the authority to operate as a debtor in possession will be sought; and

**RESOLVED,** that the Authorized Officers be, and each of them hereby is, authorized on behalf of the Corporation to execute and verify petitions, schedules, lists and other motions, papers or documents to commence the chapter 11 cases, each such document to be filed at such time as the Authorized Officer executing the document shall determine and to be in the form approved by the Authorized Officer executing such document, such approval to be conclusively evidenced by the execution, verification and filing thereof; and

**RESOLVED,** that the Authorized Officers be, and each of them hereby is, authorized on behalf of the Corporation to take any and all further acts and deeds that they deem necessary or proper to obtain relief under chapter 11 of the Bankruptcy Code; and

**RESOLVED,** that the Authorized Officers or any one of them be, and each of them hereby is, authorized and directed to retain on behalf of the Corporation (i) the law firm of Dechert LLP to render legal services to and represent the Corporation in connection with the chapter 11 filing and any other related matters in connection therewith, on such terms as any Authorized Officer shall approve and subject to approval of the Court, (ii) the law firm of Young Conaway Stargatt & Taylor LLP, as local Delaware and conflicts counsel, to render legal services to and represent the Corporation in connection with the chapter 11 filing and any other related matters in connection therewith, on such terms as any Authorized Officer shall approve and subject to approval of the Court, (iii) Berkeley Research Group LLC to provide financial restructuring advisory services to the Corporation in connection with the chapter 11 filing and any other related matters in connection therewith, on such terms as any Authorized Officer shall approve and subject to approval of the Court, (iv) Piper Jaffray & Co. to render investment banking services to the Corporation in connection with the chapter 11

filing and any other related matters in connection therewith, on such terms as any Authorized Officer shall approve and subject to approval of the Court, (v) Kurtzman Carson Consultants LLC to render any services that are necessary and appropriate for the Corporation, on such terms as any Authorized Officer shall approve and subject to approval of the Court, and (vi) such other professionals as any Authorized Officer deems necessary and appropriate during the course of the chapter 11 filing; and

**RESOLVED**, that the Authorized Officers or any one of them be, and each of them hereby is, authorized to engage and retain all assistance by legal counsel, accountants, financial advisors, restructuring advisors, and other professionals (including, without limitation, those professionals specifically named herein) in connection with the chapter 11 case, on such terms as such Authorized Officers deem necessary, appropriate, proper or desirable, with a view to the successful prosecution of such case; and

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed, to the extent necessary, to cause the Corporation to obtain use of cash collateral (the "**Cash Collateral Use**") according to the terms negotiated, or to be negotiated, by the management of the Corporation or otherwise approved by the Bankruptcy Court; and the Corporation is hereby authorized and directed to take all actions necessary in connection therewith, including, without limitation, (i) the execution, delivery and performance of: any documents to evidence the Cash Collateral Use, the granting of liens on and/or security interests in any and all assets of the Corporation, and (ii) the authorization of filing and/or recording, as applicable, of financing statements, agreements or any other documents evidencing and/or perfecting such liens or security interests and amendments to such financing statements, agreements, mortgages or other documents, and the Authorized Officers are hereby authorized and directed to execute any appropriate agreements, related ancillary documents, supplemental agreements, instruments, amendments, restatements, amendment and restatements, modifications, renewals, replacements, consolidations, substitutions, extensions, bills, notes or certificates on behalf of the Corporation, which, in each case, shall in the sole judgment of any Authorized Officer, acting alone or with one or more other Authorized Officers, be necessary, proper or advisable in order to perform the Corporation's obligations under or in connection with any of the foregoing; and

## *PLAN AND DISCLOSURE STATEMENT*

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized on behalf of the Corporation to sign and authorize the filing of the chapter 11 plan of reorganization (the "**Plan**"), substantially in the form attached to the Support Agreement, and the disclosure statement contemplated under the Support Agreement (the "**Disclosure Statement**"), with such changes to the Plan and the Disclosure Statement as may be approved by the Board, and take any all further acts and deeds that the Authorized Officers deem necessary or proper to obtain confirmation of the Plan and approval of the Disclosure Statement by the Bankruptcy Court.

## *ASSET PURCHASE AGREEMENT*

**RESOLVED**, that the Board hereby approves the Asset Purchase Agreement and the transactions contemplated thereby, including without limitation, the Acquisition, the Equity Issuance and the Notes Issuance; and

**RESOLVED**, that the Authorized Officers be, and each hereby is, authorized for and on behalf of the Corporation (A) to execute and deliver the Asset Purchase Agreement, in substantially the form presented to the Board at this meeting with such changes as an Authorized Officer may approve, the execution and delivery to be deemed conclusive evidence that the Board and the Corporation approved such agreement as executed and delivered, and (B) subject to the entry of the Court order confirming the Plan and the effective date of the Plan, to consummate the transactions contemplated thereby, including the Acquisition, the Equity Issuance and the Notes Issuance, and to cause the Corporation to perform its obligations under the Asset Purchase Agreement; and

**RESOLVED**, that each Authorized Officer be, and each hereby is, authorized for and on behalf of the Corporation (A) to execute and deliver the Indemnity Agreement, in substantially the form presented to the Board at this meeting with such changes as an Authorized Officer may approve, the execution and delivery to be deemed conclusive evidence that the Board and the Corporation approved such agreement as executed and delivered (B) subject to the entry of the Court order confirming the Plan and the effective date of the Plan, to consummate the transactions contemplated thereby; and

**RESOLVED**, that each Authorized Officer be, and each hereby is, authorized for and on behalf of the Corporation (A) to prepare (or cause to be prepared), execute and deliver each Ancillary Agreement (as defined in the Asset Purchase Agreement), either in substantially the form attached to the Asset Purchase Agreement or as the Authorized Officers, acting in the name and on behalf of the Corporation, may approve consistent with the Asset Purchase Agreement, the execution and delivery to be deemed conclusive evidence that the Board and the Corporation approved each such agreement as executed and delivered (B) to cause the Corporation to fully perform its obligations under each such agreement; and

**RESOLVED**, that the Authorized Officers, or any of them acting alone, be and hereby are authorized and directed, for and on behalf of the Corporation, to cause the Subsidiaries of the Corporation to execute, deliver and perform, as applicable, any of the transactions contemplated by the Asset Purchase Agreement, the Indemnity Agreement, the Ancillary Agreements and other agreements, instruments and other documents entered into in connection therewith; and

**RESOLVED**, that the Authorized Officers, or any of them acting alone, be and hereby are authorized and directed, for and on behalf of the Corporation and/or its Subsidiaries, to prepare, sign and file, or cause to be filed, with any applicable federal, state, local or foreign country regulatory or supervisory body, including without limitation the U.S. Federal Trade Commission, the U.S. Department of Justice, the Nasdaq Stock Market or the over-the-counter market, as applicable, and all other appropriate state, federal or foreign regulatory authorities and appropriate stock exchanges, stock markets and self-regulatory organizations, all applicable requests for approval, consents, interpretations, or other determinations, notices and other information and documents, including but not limited to required filings under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, as amended, and other similar competition or antitrust laws of any jurisdiction other than the United States and any modifications or supplements thereto, together with all agreements and other information and documents required or appropriate, and any publications required, in connection therewith, the taking of any such action to be deemed conclusive evidence that the Board and the Corporation have authorized such action; and

**RESOLVED**, that, without limiting the foregoing, any Authorized Officer be, and each hereby is, authorized and directed for and on behalf of the Corporation and/or its Subsidiaries, to prepare all documentation, to effect all filings and obtain all permits, consents, approvals and authorizations of all third parties, regulatory authorities and other governmental authorities necessary to consummate the transactions contemplated by the Asset Purchase Agreement, including the Acquisition, to execute personally or by attorney-in-fact any such required filings or amendments or supplements to any of the foregoing, and to cause any such required filings and any amendments thereto to become effective or otherwise approved, the taking of any such action to be deemed conclusive evidence that the Board and the Corporation have authorized such action; and

**RESOLVED**, that in connection with the Acquisition, in order for the Corporation to comply with all applicable requirements of the Securities Exchange Act of 1934, as amended ("**Exchange Act**"), and the Securities Act of 1933, as amended ("**Securities Act**"), and the rules and regulations promulgated thereunder, the Authorized Officers, or any of them acting alone, be and hereby are authorized, in the name of and on behalf of the Corporation, to prepare or cause to be prepared and to execute, verify and file with the Securities and Exchange Commission all reports, statements, documents and information required to be filed by the Corporation pursuant to the Exchange Act or the Securities Act in connection

with the Acquisition, the Equity Issuance, the Notes Issuance or any of the other transactions contemplated by the Asset Purchase Agreement, in such form as any Authorized Officer, acting with the advice of counsel, may approve, such approval to be conclusively evidenced by the execution and delivery or execution and filing thereof.

## *HALO TERMINATION AND SETTLEMENT AGREEMENT*

**WHEREAS**, effective September 28, 2018, the Corporation discontinued the manufacture and promotion of Arymo® ER (morphine sulfate) extended-release tablets (the "**Discontinuation**");

**WHEREAS**, in connection with, among other things, the Discontinuation, the Board has determined that in the business judgment of the Board, it is desirable and in the best interests of the Corporation, its creditors, and other parties in interest that the Corporation to terminate the Corporation's Drug Product Manufacturing Services Agreement, effective as of February 28, 2017 (as amended, the "**Manufacturing Agreement**") with Halo Pharmaceutical, Inc. ("**Halo**") in accordance with the Termination and Settlement Agreement by and among the Corporation, its Subsidiaries and Halo in substantially the form presented to the Board at this meeting with such changes as an Authorized Officer may approve (the "**Halo Termination Agreement**"), the execution and delivery to be deemed conclusive evidence that the Board and the Corporation approved such agreement as executed and delivered;

**RESOLVED**, that the Board hereby approves the Halo Termination Agreement and the transactions contemplated thereby, including without limitation, the payment of up to an aggregate of $[3,500,000] pursuant to Section 1.2(b) thereof in consideration of the transactions contemplated thereby; and

**RESOLVED**, that the Authorized Officers be, and each hereby is, authorized for and on behalf of the Corporation (A) to execute and deliver the Halo Termination Agreement, in substantially the form presented to the Board at this meeting with such changes as an Authorized Officer may approve, the execution and delivery to be deemed conclusive evidence that the Board and the Corporation approved such agreement as executed and delivered, and (B) to consummate the transactions contemplated thereby; and

**RESOLVED**, that the Authorized Officers, or any of them acting alone, be and hereby are authorized and directed, for and on behalf of the Corporation, to cause the Subsidiaries of the Corporation to execute, deliver and perform, as applicable, any of the transactions contemplated by the Halo Termination Agreement and other agreements, instruments and other documents entered into in connection therewith.

## *GENERAL AUTHORITY*

**RESOLVED**, that the Authorized Officers, or any of them acting alone, be and hereby are authorized in the name and on behalf of the Corporation, to pay all fees and expenses in connection with the transactions contemplated in the foregoing recitals and resolutions; and

**RESOLVED**, that the Authorized Officers, or any of them acting alone, be and hereby are authorized to file, execute, negotiate, verify, acknowledge and deliver, for and on behalf of the Corporation, any and all notices, certificates, agreements, amendments, instruments and other documents and to perform and do or cause to be performed or done any and all such acts or things and to pay or cause to be paid all necessary fees and expenses, in each case for and on behalf of the Corporation, as such Authorized Officer may deem necessary or advisable to effectuate or carry out the provisions of the Asset Purchase Agreement or the intent and purposes of the resolutions in connection with such agreement, the taking of any such action to be deemed conclusive evidence that the Board and the Corporation have authorized such action; and

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized on behalf of the Corporation to take any and all actions to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all steps deemed by any such Authorized Officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions; and

**RESOLVED**, that any of the Authorized Officers may, as such Authorized Officer deems appropriate, designate any proper officer of the Corporation to perform on such Authorized Officer's behalf each and any of the actions contemplated to be performed by the Authorized Officers pursuant to each of the foregoing resolutions; and

**RESOLVED**, that all actions heretofore taken by any of the directors, officers, representatives or agents of the Corporation or any of its affiliates in connection with the Support Agreement, the Plan, the Definitive Documentation, the filing of the voluntary petition in the Court seeking relief under the provisions of the Bankruptcy Code, the Acquisition, the Equity Issuance and the Notes Issuance and any other transactions contemplated in the Asset Purchase Agreement, or otherwise referred to in any of the foregoing resolutions be, and each of the same hereby is, ratified, confirmed and approved in all respects as the act and deed of the Corporation.

**Fill in this information to identify the case:**

Debtor name: Egalet Corporation

United States Bankruptcy Court District of Delaware

Case number (If known):

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders [1]

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 1 | 5.50% NOTEHOLDERS MARY MISELIS, VICE PRESIDENT CORPORATE TRUST ADMINISTRATION 101 BARCLAY STREET - FLOOR 7W NEW YORK, NY 10286 | MARY MISELIS, VICE PRESIDENT CORPORATE TRUST ADMINISTRATION PHONE: 212-815-4812 EMAIL: MARY.MISELIS@BNYMELLON.COM | CONVERTIBLE NOTEHOLDER | | | | $24,650,000 plus accrued interest |
| 2 | 6.50% NOTEHOLDERS MARY MISELIS, VICE PRESIDENT CORPORATE TRUST ADMINISTRATION 101 BARCLAY STREET - FLOOR 7W NEW YORK, NY 10286 | MARY MISELIS, VICE PRESIDENT CORPORATE TRUST ADMINISTRATION PHONE: 212-815-4812 EMAIL: MARY.MISELIS@BNYMELLON.COM | CONVERTIBLE NOTEHOLDER | | | | $23,888,000 plus accrued interest |
| 3 | CARDINAL HEALTH INC. DBA ONCOSOURCERX 7000 CARDINAL PLACE DUBLIN, OH 43017 | PHONE: 614-553-3903 EMAIL: NADA.ABDELAZIZ@CARDINALHEALTH.COM | TRADE VENDOR | | | | $ 10,460,000.00 |
| 4 | JUBILANT HOLLISTERSTIER LLC 3525 N. REGAL ST SPOKANE, WA 99207 | EMAIL: SARAH.HOYT@JHS.JUBL.COM | TRADE VENDOR | | | | $ 1,917,996.00 |
| 5 | CUMBERLAND CONSULTING GROUP LLC 720 COOL SPRINGS BLVD SUITE 550 FRANKLIN, TN 37067 | EMAIL: TOM.EVEGAN@CUMBERLANDCG.COM | TRADE VENDOR | | | | $ 1,441,000.00 |
| 6 | RECORDATI IRELAND LTD RAHEENS EAST RINGASKIDDY CO CORK, P43 KD30 IRELAND | EMAIL: LONG.D@RECORDATI.COM | TRADE VENDOR | | | | $ 581,000.00 |
| 7 | ASCEND THERAPEUTICS LLC 607 HERNDON PARKWAY SUITE 110 HERNDON, VA 20170 | EMAIL: MDEBRITO@ASCENDTHERAPEUTICS.COM | TRADE VENDOR | | | | $ 545,000.00 |
| 8 | ORAPHARMA INC. 400 SOMERSET CORPORATE BLVD BRIDGEWATER, NJ 08807 | EMAIL: JOSEPH.OMELIO@BAUSCHHEALTH.COM | TRADE VENDOR | | | | $ 385,000.00 |
| 9 | RELAY HEALTH PO BOX 742532 ATLANTA, GA 30374 | EMAIL: SHARICE.SMITH@MCKESSON.COM | TRADE VENDOR | | | | $ 294,000.00 |
| 10 | INVENTIV HEALTH CONSULTING INC. 8045 ARCO CORPORATE DRIVE SUITE 200 RALEIGH, NC 27617 | EMAIL: SUZANNE.MCCAIN@SYNEOSHEALTH.COM | TRADE VENDOR | | | | $ 244,126.79 |
| 11 | CVS CAREMARK 1950 N. STEMMONS FWY SUITE 5010 NORTHBROOK, IL 60062 | EMAIL: AIMEE.KIM@CVSHEALTH.COM | TRADE VENDOR | | | | $ 240,000.00 |
| 12 | DENVER HEALTH AND HOSPITAL AUTHORITY ROCKY MOUNTAIN POSION & DRUG CENTER 660 BANNOCK STREET DENVER, CO 80204 | EMAIL: KALLI.OLSON@RMPDC.ORG | TRADE VENDOR | | | | $ 162,500.00 |
| 13 | ACURA PHARMACEUTICALS INC. PETER A. CLEMENS, SR. VP & CHIEF FINANCIAL OFFICER 616 N. NORTH COURT SUITE 120 PALATINE, IL 60067 | PETER A. CLEMENS, SR. VP & CHIEF FINANCIAL OFFICER EMAIL: PCLEMENS@ACURAPHARM.COM | TRADE VENDOR | | | | $ 120,000.00 |

1 The Debtors reserve their right to amend or modify this consolidated list of creditors, including to reflect that any of the claims on the list are contingent, unliquidated, or disputed.  Nothing herein should be construed as an admission of validity of any party's claim or admission as to the amount owed.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|
| 14 MCKESSON SPECIALTY ARIZONA INC. 13796 COLLECTIONS CENTER DRIVE CHICAGO, IL 60693 | EMAIL: JULIET.GARNER@MCKESSON.COM | TRADE VENDOR | | | | $ 118,000.00 |
| 15 MARK THEEUWES MARK THEEUWES 2173 LINCOLNSHIRE RD. FURLONG, PA 18925 | MARK THEEUWES EMAIL: MNMTHEEUWES@GMAIL.COM | EMPLOYEE SEVERANCE | | | | $ 98,291.31 |
| 16 EMKAY INC. 805 W. THORNDALE AVENUE ITASCA, IL 60143 | PHONE: 888-576-3650 EMAIL: SYSTEM@EMKAY.COM | TRADE VENDOR | | | | $ 60,000.00 |
| 17 HEALTHCARE ALLIANCE GROUP LLC 101 LAUREL ROAD SUITE 100 VOORHEES, NJ 08043 | EMAIL: JTESCHNER@RMCOM.NET | TRADE VENDOR | | | | $ 54,000.00 |
| 18 PPD DEVELOPMENT LP SHARON M. HOLLFELDER 929 NORTH FRONT STREET WILMINGTON, NC 28401 | SHARON M. HOLLFELDER PHONE: 608-827-9400 EMAIL: SHARON.HOLLFELDER@PPDI.COM | TRADE VENDOR | | | | $ 46,192.00 |
| 19 AMERICAN SOLUTIONS FOR BUSINESS 310 HANSEN ACCESS ROAD SUITE 105 KING OF PRUSSIA, PA 19406 | EMAIL: BHILGHMAN@AMERICANBUS.COM | TRADE VENDOR | | | | $ 40,452.00 |
| 20 CARDINAL HEALTH 105 INC. THIRD PARTY LOGISTICS PO BOX 978709 DALLAS, TX 75397 | EMAIL: ALYSIA.JONES@CORDLOGISTICS.COM | TRADE VENDOR | | | | $ 40,000.00 |
| 21 DEERFIELD AGENCY 116 E. KING STREET MALVERN, PA 19355 | EMAIL: MYACOPINO@DEERFIELDAGENCY.COM | TRADE VENDOR | | | | $ 26,830.00 |
| 22 TAYLOR STRATEGY PARTNERS 8000 RAVINES EDGE COURT WORTHINGTON, OH 43235 | EMAIL: MCARR@TAYLOR-STRATEGY.COM | TRADE VENDOR | | | | $ 23,000.00 |
| 23 ASHFIELD PHARMACOVIGILANCE INC. DRUG SAFETY ALLIANCE INC. 5003 S. MIAMI BLVD. SUITE 500 DURHAM, NC 27703 | PHONE: 919-401-8003 EMAIL: THERESA.BUSSETTI@ASHFIELDPV.COM | TRADE VENDOR | | | | $ 22,000.00 |
| 24 BILTMORE SOLUTIONS INC. 3503 YORK ROAD SUITE 7 FURLONG, PA 18925 | EMAIL: RINENDRA@BILTMOREANALYTICS.COM | TRADE VENDOR | | | | $ 21,000.00 |
| 25 THE MCMANUS GROUP LLC 610 10TH STREET SUITE 300 LE DROIT PARK, DC 20001 | EMAIL: BCRONAN@MCMANUSGRP.COM | TRADE VENDOR | | | | $ 20,000.00 |
| 26 COVERMYMEDS LLC 22901 MILLCREEK BLVD SUITE 240 HIGHLAND HILLS, OH 44122 | EMAIL: NGRYCAN@COVERMYMEDS.COM | TRADE VENDOR | | | | $ 18,000.00 |
| 27 MERRILL COMMUNICATIONS LLC TOM KILLEEN ONE MERRILL CIRCLE ST PAUL, MN 55108 | TOM KILLEEN EMAIL: T&CBILLING@MERRILLCORP.COM | TRADE VENDOR | | | | $ 15,985.00 |
| 28 RENAISSANCE LAKEWOOD LLC RENAISSANCE SSP HOLDINGS INC. 1720 OAK STREET LAKEWOOD, NJ 08701 | EMAIL: DEBBIE.KEATING@RENPHARM.COM | TRADE VENDOR | | | | $ 15,000.00 |
| 29 PROPHARMA MIS LLC 8717 WEST 110TH STREET, SUITE 300 OVERLAND PARK, KS 66210 | PHONE: 913-661-1662 | TRADE VENDOR | | | | $ 15,000.00 |
| 30 HYMAN, PHELPS & MCNAMARA, P.C. 700 THIRTEENTH STREET, N.W. SUITE 1200 WASHINGTON, DC 20005 | PHONE: 202-737-5600 | TRADE VENDOR | | | | $ 9,457.50 |

Debtor Name   <u>Egalet Corporation</u>

United States Bankruptcy Court for the:  _____ District of <u>Delaware</u>

Case Number (if known)   _____

<u>Official Form 202</u>

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule* __

☑   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims on a Consolidated Basis and Are Not Insiders* (Official Form 204)

☐   Other document that requires a declaration   _____

I declare under penalty of perjury that the foregoing is true and correct.[1]

Executed on   <u>10/30/2018</u>
             MM / DD / YYYY

x   <u>/s/ Robert Radie</u>                                    Robert Radie
    Signature of authorized representative of debtor        Printed name

    Title   <u>President and Chief Executive Officer</u>

_____

1   For the reasons set forth in my declaration in Support of the Chapter 11 Petitions, the Debtors are continuing to review their assets, liabilities and ownership interests.